(No. 77-CC-1033—)

STEVEN SHADDEN, by Judith Brems, his mother and next friend, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed October 3, 1983.*

WINSTEIN, KAVENSKI, WALLACE & DOUGHTY, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent for dismissal of said cause.

Respondent's motion sets forth that by status report, dated March 31, 1983, Claimant advised the Court for the first time that the suit filed on April 4, 1977, for

Steven Shadden, by Judith Brems, his mother and next friend, against the Village of Colona, cause No. 77-L-50, in the Circuit Court of Henry County, Illinois, was dismissed on June 9, 1977, with leave granted to the plaintiffs to file an amended complaint within 28 days, and that no such amended complaint was ever filed.

Respondent's motion also stated that Claimant filed one status report, undated or file stamped, one was filed on April 9, 1981, and another was filed on or about March 30, 1982. It was not until the filing of the status report on April 4, 1983, dated March 31, 1983, that Claimant informed the Court of the June 9, 1977, dismissal of its case in the Circuit Court of Henry County.

Respondent's motion further sets forth as follows:

"8. Respondent has subsequently received a certified copy of the Complaint, No. 77-L-50 filed in the Circuit Court of the Fourteenth Judicial Circuit, Henry County, Illinois, captioned *Steven Shadden by Judith Brems, his mother and next friend v. Village of Colona, Illinois.* Said certified complaint contains a certified copy of Notice of Hearing and a certified copy of the Judge's Order dismissing said Complaint dated June 9, 1977 with paragraph 2 granting leave to Plaintiff to file an amended complaint within twenty-eight days, no amended complaint having therein been filed.

9. The Judge's Order of dismissal shows on its face the attendance, on behalf of the Plaintiff, of Attorney Kavensky. A copy of certified record being attached hereto and made a part hereof.

10. The failure of the Claimant to follow through with its right to file an amended complaint constitutes a disregard for its obligations under Section 25 of the Court of Claims Act, which requires that:

'Any person who files a claim before the Court shall, before seeking final determination of his claim, exhaust all other remedies and sources of recovery whether administrative, legal or equitable; except that failure to file or pursue suits against State employees, acting within the scope of their employment, shall not be a defense.'

11. Such failure to file an amended complaint further constitutes a violation of the Claimant's responsibilities under Rule 6 of this Court which states that:

'As required by Section 25 of the Court of Claims Act, the Claimant shall before seeking final determination of his claim before the Court of Claims exhaust all other remedies, whether administrative, legal or equitable.'

12. Rule 9 of this Court provides that failure to comply with Rule 6 shall be grounds for dismissal.

13. As the result of the long delay occasioned by the Claimant's failure to diligently prosecute this action, the defense of this matter has become exceedingly more difficult, if not impossible, by the virgue (sic) of the passage of time which has resulted among other things in the resignation of the vital witness and that witness' removing himself from the State of Illinois, last reported residence in Missoula, Montana."

Respondent's motion to dismiss was filed on July 27, 1983, and, to date, there has not been any response by Claimant or anyone on his behalf.

Claimant having failed to comply with Rule 6 of the Court of Claims, this cause is dismissed.